IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JODY O'NEIL HARRISON,            :

     Plaintiff,            :

vs.            :            CIVIL ACTION 09-00283-KD-C

GRANTT CULLIVER, et al.,            :

     Defendants.            :

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion to dismiss Defendants Dr. Hugh M.

Hood, Donny Myers, Sylvia Hicks, and Debra Poindexter. (Doc. 55). For the reasons set forth

below, the Court finds that Plaintiff's motion is due to be granted.

Where a Plaintiff files a motion for a voluntary dismissal that requires an order of this

Court, as is the case with this motion, Federal Rule of Civil Procedure 41(a)(2) provides that the

dismissal may be granted "on terms that the court considers proper." Plaintiff states in his

motion that he wishes to dismiss his pending suit against these Defendants and that his dismissal

is "knowingly, intelligently, and willfully requested by the Plaintiff of his own accord." (Doc.

55 at 1).

Defendants do not object to the dismissal of Plaintiff's claims against them; however,

they request that the claims be dismissed with prejudice. (Doc. 59). Although "[a] voluntary

dismissal without prejudice is not a matter of right . . . in most cases a voluntary dismissal

[without prejudice] should be allowed unless the defendant will suffer some plain prejudice other

than the mere prospect of a second lawsuit." Fisher v. Puerto Rico Marine Management, Inc.,

940 F.2d 1502, 1502-03 (11th Cir. 1991). In this action, Defendants do not contend that they will

suffer any legal harm whatsoever from a dismissal without prejudice. (Doc. 59). Accordingly, it is recommended that Plaintiff's motion to dismiss Defendants Hood, Myers, Hicks, and Poindexter (Doc. 55) be granted and that Plaintiff's claims against these Defendants be dismissed without prejudice pursuant to <u>Federal Rule of Civil Procedure</u> 42(a)(2).[1] In light of the foregoing, it is further recommended that the motion for summary judgment of Defendants Hood, Myers, Hicks, and Poindexter (Docs. 23, 24) be denied as moot.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 30th day of November, 2010.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] On October 6, 2010, the Court granted Plaintiff's motion for voluntary dismissal of his claims against Defendants Dr. Robert J. Barnes and Dr. Negash Tesemma. (Doc. 58).

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).