# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JODY O'NEIL HARRISON, | : | |
| Plaintiff, | : | |
| vs. | : | CA 9-283-KD-C |
| GRANT CULLIVER, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This action was referred to the undersigned by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3) and is now before the undersigned on Plaintiff's motion for leave to appeal *in forma pauperis*. (Doc. 92). For the reasons stated below, it is **RECOMMENDED** that the motion be **DENIED**.

I. Facts and Proceedings.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this § 1983 action—alleging that his Eighth Amendment rights were violated by the creation of conditions that pose an imminent danger to his health and welfare during his confinement at Holman Correctional Facility[1]—on May 21, 2009, against Defendants Culliver, Folks, Craft and Lang. (*See* Doc. 1.)

---

[1] On the afternoon of August 6, 2008, the Plaintiff was critically assaulted by another inmate in the area of the prison known as the "back hallway." He suffered a life-threatening cut to his neck that required that he be transferred by Life Flight Emergency Helicopter from the Atmore Community Hospital—where he was transported to by the prison and stabilized—to USA Medical Center in Mobile. (*See* Doc. 77 at 2-3.)

Subsequently, on November 25, 2009, Plaintiff amended his complaint to add as additional defendants Dr. Tesemma, Dr. Robert Barnes, Donny Myers, Sylvia Hicks, Dr. Hugh Hood, and Debra Poindexter. (*See* Doc. 10.) Waivers of service were returned by Defendant Lang on April 1, 2010, by Defendant Culliver on April 13, 2010, and by Defendants Folks and Craft on April 14, 2010 (Docs. 18-20). Waivers of service were returned by Defendants Hood, Poindexter, Hicks, and Myers on May 7, 2010 (Doc. 22).[2]

An answer (Doc. 23) and special report (Doc. 24) were filed by Defendants Hicks, Hood, Myers, and Poindexter on May 12, 2010, and the Court converted the answer and special report to a motion for summary judgment (Doc. 25) on May 14, 2010. Defendants Culliver, Folks, Craft, and Lang filed an answer (Doc. 34) and special report (Doc. 35) on May 28, 2010, which were also converted into a motion for summary judgment (Doc. 42), on July 21, 2010.

On September 15, 2010, Plaintiff filed a motion to dismiss his claims against Defendants Hood, Barnes, Tesemma, Myers, Hicks, and Poindexter. (Doc. 55). On December 21, 2010, the Court ordered that Plaintiff's claims against Defendants Hood, Myers, Hicks and Poindexter be dismissed without prejudice (Docs. 63 & 64; *see also* Doc. 62 (report and recommendation to the District Judge regarding same)). And on September 22, 2011, the Court ordered that Plaintiff's claims against Defendants

---

[2] Requests for waivers of service for Dr. Barnes and Dr. Tesemma were returned as they no longer work for Correctional Medical Services. (*See* Doc. 22).

Culliver, Folks, Craft, and Lang be dismissed with prejudice (Docs. 83 & 84; *see also* Doc. 77 (report and recommendation to the District Judge regarding same)).

Plaintiff filed a motion to alter or amend the Court's September 22, 2011 Judgment (Doc. 85), claiming that the report and recommendation adopted by the Court was "grounded upon an incorrect application of the law." And the Court denied that motion as baseless under Rule of Civil Procedure 59(e) on October 13, 2011 (Doc. 87). On October 19, 2011, Plaintiff filed a notice of appeal (Doc. 88); Plaintiff filed the current motion for leave to appeal *in forma pauperis* (Doc. 92) on November 10, 2011.

II. <u>Authorities.</u>

28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed with an appeal *in forma pauperis*. *See Ex parte Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088, *2 (M.D. Fla. Apr. 10, 2007) (citing *Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979)[3]). Section 1915(a) provides, in relevant part:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

[3] All decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

. . .

> (3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith**.

28 U.S.C. § 1915(a) (emphasis added).

Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

> (1) **Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) **Action on the Motion.** If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise. If the district court denies the motion, it must state its reasons in writing.

FED. R. APP. P. 24(a).

The test for whether an appeal is taken in good faith under section 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *See Chayoon*, 2007 WL 1099088, at *1 (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge*, 369 U.S. at 445; *Amir-Sharif v. Dallas County Tex.*, 269 Fed.

4

App'x 525, 526 (5th Cir. 2008) (per curiam) ("A movant who seeks authorization to proceed IFP on appeal must **demonstrate** that he is a pauper and **that his appeal involves nonfrivolous issues**.") (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)) (emphasis added).

  III.  Application.

The basis for Plaintiff's Eighth Amendment claim is twofold: (1) he claims that the Defendants failed to properly secure the area of the back hallway (*see* Doc. 1 at 13-17); and (2) he claims that the Defendants failed to protect him and failed to provide him safe conditions of confinement by allowing the leather shop/hobby craft shop activities, through which inmates were able to obtain knives and razor blades without proper monitoring and security (*see id.* at 22). In the report and recommendation underlying the Court's September 22, 2011 Order, the undersigned concluded that Plaintiff failed to establish an Eighth Amendment claim under either theory. (*See* Doc. 77 at 14 (concluding that as to the first theory: "The Court cannot find that these Defendants have acted unreasonably and thus these Defendants cannot be found liable under the Cruel and Unusual Punishments Clause. Therefore, Plaintiff has failed to establish, either objectively or subjectively, this Eighth Amendment claim." (citation and internal quotation marks omitted); *id.* at 18 (concluding that as to the second theory: "Considering all of Plaintiff's evidence, the Court is unconvinced that Plaintiff has shown an objectively substantial risk of harm, and, furthermore, that Defendants were deliberately indifferent to his safety by their policies with regard to the hobby

5

craft/leather shop. Therefore, this Eighth Amendment claim is also due to be dismissed.").) Having considered the foregoing at length, the undersigned can perceive no legitimate, non-frivolous issue to be presented on appeal.[4] The Plaintiff's motion to appeal *in forma pauperis*—in violation of Federal Rule of Appellate Procedure 24(a)(1)(C)—and notice of appeal, moreover, are silent as to any issues he wishes to present on appeal, contravening his duty, as the party seeking "authorization to proceed IFP on appeal[,]" to "demonstrate . . . that his appeal involves nonfrivolous issues." *Amir-Sharif.*, 269 Fed. App'x at 526. The undersigned, therefore, **RECOMMENDS** that the District Judge certify in writing, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith and that Plaintiff's motion to proceed *in forma pauperis* on appeal be **DENIED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of December, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *See, e.g., Washington v. School Bd. of Hillsborough County*, No. 8:08-CV-2023-T-33MAP, 2010 WL 3666989, at *1 (M.D. Fla. Aug. 17, 2010) (reviewing order granting motion for summary judgment, from which the petitioner sought leave to appeal *in forma pauperis*, and concluding that because "none of Plaintiff's claims possess an arguable basis in law or in fact[,] the Court could not "find a legitimate, non-frivolous issue to be presented on appeal and, therefore, Plaintiff should not be allowed to proceed on appeal *in forma pauperis*").

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED. R. CIV. P. 72(b)(2).